## S. R. OWEN, Respondent, v. CITY OF SPRINGFIELD, Appellant.

**St. Louis Court of Appeals, March 13, 1900.**

Condemnation of Land for Public Use: DAMAGES: ABANDONMENT OF SUIT: CORPORATION. Where a corporation has instituted proceedings against a landowner to condemn a strip of land for public use, and the proceedings are dismissed, the corporation must answer to the landowner for the damages sustained in defending the suit.

Appeal from the Greene Circuit Court.—*Hon. James Tilford Neville*, Judge.

AFFIRMED.

*Arch A. Johnson* for appellant.

(1) There was no abandonment of the condemnation proceedings by the city, such as would render it liable to plaintiff. Leisse v. Railroad, 2 Mo. App. 105; Leisse v. Railroad, 72 Mo. 561; Gray v. Railroad, 81 Mo. 126; Railroad v. De Lissa, 103 Mo. 125; Simpson v. Kansas City, 111 Mo. 237; Lohse v. Railroad, 44 Mo. App. 645.

*White & McCammon* for respondent.

(1) The appellant's contention is that there was no abandonment of the original condemnation proceeding, that four or five months after the dismissal of the action to condemn a thirty foot lot, the city began a second proceeding to condemn a forty-foot lot, which included the thirty-foot lot and that such second suit was, in effect, a continuance of the former suit. To this we dissent. The actions were not identical in their object, not brought to obtain the same land. One can not compel the conveyance of 160 acres by a suit to enforce a contract for forty acres. That the greater contains the less—can not be made to read "the greater is the less." (2) For four or five months after the dismissal there was no action pending for either tract. The first suit was dead, not in a condition of suspended animation, merely to await the resurrection necessities of appellant, but dead, very dead, so that the suit begun for other land, months after its unfortunate end, can not masquerade as the same old case and deceive anybody. (3) The landowner has the right, in defending, to dispute the power, and to question the regularity of the proceedings, as well as insist upon just compensa-

tion.   If he fail to defeat the proceedings and the land is in
the end appropriated, he is not entitled to recover the ex-
pense incurred in making his defense.   St. Louis v. Menitz,
107 Mo. 611.   (4)   But after a long legal contest, defend-
ant discontinued its proceedings altogether, thereby virtually
admitting either that the acquisition of the right claimed
was not a public necessity or that it did not have the power to
appropriate or did not properly exercise power if possessed.
Plaintiff had the right to make all the defenses the record
shows it did make, and none of the expenses incurred therein
can be said to have been useless "and the judgment for ex-
penses of making all defenses was sustained."

BIGGS, J.—In 1895, the defendant instituted proceed-
ings against the plaintiff to condemn a strip of land for public
use.   The matter reached the circuit court on appeal, where,
after several mistrials, the proceeding was dismissed by the
court.   No appeal was taken from the judgment of dismissal.
The present action is to recover the expenses incurred by
plaintiff in defending the action.   It was agreed at the trial
that if plaintiff was entitled to recover anything her damages
should be assessed at the sum of one hundred and twenty-five
dollars.   The cause was submitted to the court without a
jury.   The judgment was for the plaintiff for the stipulated
amount, and the defendant has appealed.

It is conceded by counsel for appellant that if the dis-
missal of the condemnation proceedings had been voluntary
the right of plaintiff to recover the amount legitimately ex-
pended by her in defending the action would be unquestioned.
But a recovery is contested on the ground that the dismissal
was the result of the judgment of the court.   We have been
unable to appreciate the distinction which counsel urge.   It
is true that in all of the reported cases in this state the pro-
ceedings of condemnation were voluntarily abandoned, but in
these cases the liability of the corporations were not predicated

on that fact. The reason for the rule is that the power conferred by the state upon a corporation to appropriate private property for public use is an extraordinary power, and that such a high prerogative is only allowed "where the plain letter of the law permits it and under a careful observance of the formalities prescribed for the owner's protection." Cooley Const. Lim., 651. Therefore the reported cases in this state have declared the rule that if such a proceeding is abandoned the corporation must answer to the landowner for the damages sustained in defending it. St. Louis Railway Company v. Railroad, 138 Mo. 591; Leisse v. Railroad, 2 Mo. App. 105; Simpson v. Railroad, 111 Mo. 237; Gibbons v. Railroad, 40 Mo. App. 146. If the corporation is answerable in case of voluntary abandonment, why should it not be held if the court should rule that the action had been improvidently instituted? In either case the landowner has been damaged through the act of the corporation.

The judgment of the circuit court will be affirmed. All concur.