CENTER SCHOOL DISTRICT NO. 58 OF
JACKSON COUNTY, Missouri, et al.,
Respondents,

v.

Joseph S. KENTON and Marilyn H. Kenton,
Appellants.

No. 47973.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Motion for Rehearing or for Transfer to
Court en Banc Denied April 10, 1961.

Henry G. Eager, Arthur M. Wright, Kansas City, for appellants. Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, of counsel.

Clarence H. Dicus, Gerald W. Gorman, Kansas City, for respondent. Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, of counsel.

HOLLINGSWORTH, Judge.

The two basic questions in this case are (1) whether a school district may abandon and dismiss without prejudice its condemnation action after a jury has assessed the landowner's damages, and (2) the extent of liability, if any, of the district for damages, interest and litigation expense (other than statutory costs) incurred by the landowner in defense of its right to compensation.

On the 29th day of January, 1959, Center School District No. 58 of Jackson County and its Board of Directors filed this action seeking a decree of condemnation for school site purposes of five residential lots of real estate in Kansas City owned by defendants. On March 13, 1959, commissioners theretofore appointed by the court, by their report on that date duly filed, assessed defendants' damages for the taking of said land in the sum of $17,500, to which report both parties filed written exceptions, each asking that the report be set aside and that the damages be assessed by a jury, as provided by law. It was so ordered. Thereafter, on October 14, 1959, the jury, following a three-day trial, assessed defendants' damages at the sum of $33,000 and voluntarily added interest thereto in the amount of $1,155, for which total sum judgment was on said date rendered. Thereafter, and within ten days, to wit: October 23, 1959, plaintiffs filed written "Abandonment of Proposed Appropriation and Dismissal of Condemnation Action", wherein they did "abandon the proposed appropriation of [said real estate] and dismiss, without prejudice, at plaintiffs' cost, the condemnation action heretofore brought by such plaintiffs." The trial court thereupon "ordered and adjudged that this cause be * * * dismissed without prejudice" and "that plaintiffs pay all

costs incurred herein * * *." On the 29th day of October, 1959, defendants filed three motions, claiming alternatively:

(1) That the proposed abandonment and dismissal should be stricken because the proceedings could not be abandoned after plaintiff condemnors had voluntarily proceeded to trial upon the issue of damages and verdict and judgment had been entered;

(2) That defendant had necessarily paid out or become liable for attorneys' fees and other expense in the total sum of $8,-300 in presenting to the jury the evidence in support of their claim for damages for the taking of their land and that they had been unlawfully deprived of interest (as damages) for the loss of use of their real estate in the sum of $1,155, for all of which they should be reimbursed; and

(3) That plaintiff condemnors had no legal right to "dismiss without prejudice" and dismissal could be lawfully allowed only with prejudice.

At the trial of the issues presented by defendants' foregoing motions, the evidence favorable to defendants made an issue of their right to recover from plaintiffs in excess of $7,500. The trial court found all of the issues in favor of plaintiffs. The appeal herein having been taken prior to January 1, 1960, jurisdiction thereof lies in this court.

In disposing of the case, the trial court stated: "I have come to the conclusion that this case of Meadow Park Land Company v. School District of Kansas City, Missouri [301 Mo. 688], 257 S.W. 441 [31 A.L.R. 343], in the Supreme Court very well rules our situation here, * * *." The court further announced that its ruling was not predicated upon the fact that defendants had proceeded by way of the foregoing motions in the condemnation action instead of by an independent action,

as was done in the Meadow Park Land Company case and other cases. Plaintiffs do not here challenge defendants' right to proceed by motion in the instant action and we, therefore, do not determine the propriety of such procedure, if and when timely challenged.

The right of school districts to condemn land for school purposes is declared in §§ 165.100, 165.533 and 165.593, RSMo 1949; Id. RSMo 1959, V.A.M.S. (to which revisions all statutory citations herein refer unless otherwise indicated). From the time of the institution of this action up to and including the abandonment thereof, the procedure was governed generally by Chapter 523 of said statutes.[1] Section 523.040, read and considered *in pari materia* with §§ 523.050 and 523.060, definitely vests the condemnor with the right to abandon this proceeding at any time within ten days after the first assessment by the commissioners or, if the court, on application of either or both of the parties, awards a new assessment to be made by a jury, as was done in the instant case on application of both parties, then such abandonment may be made within ten days after the assessment made by the jury. State ex rel. Hilleman v. Fort, 180 Mo. 97, 113–114, 79 S.W. 167, 171; State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 761, 142 S.W.2d 1025, 1028. Unquestionably, plaintiffs did abandon the proceedings by judicial admission filed within ten days after the assessment of the jury and we do not understand that defendants presently contend they could not as a matter of right do so. We, therefore, turn to the issues of whether defendants are entitled to recover (1) counsel fees and expense incurred in the defense of their right to just compensation for the taking of their land, or (2) interest on the award from the filing of the commissioners' report, or (3) whether the action could be lawfully dismissed without prejudice.

---

1. Effective April 1, 1960, S.Ct. Rule 86, V. A.M.R., made certain changes in some of the procedural provisions of Chapter 523, but those changes are not applicable in the instant case.

Defendants cite. § 523.070, which provides: "The *cost* of the proceeding [in condemnation] shall be paid by the company seeking the appropriation, up to and including the filing and copying of the report of the commissioners; and the court, as to any *costs* made by subsequent litigation, may make such order as in its discretion may be deemed just * * *." (Emphasis ours.) They then cite Section 26, Article I, Missouri Constitution, 1945, V.A.M.S., which states that "private property shall not be taken or damaged for public use without just compensation," and contend it is not necessary that an attempted condemnation constitute actual occupancy or result in the taking of property in order for the landowner to become entitled to compensation and that any substantial interference with the owner's enjoyment of the property will support an award of damages for litigation expense necessarily incurred in the defense of his right involved in such an action. In support of their contention, defendants cite decisions in a number of condemnation proceedings wherein *private corporations,* such as railroads and pipeline companies, have been held liable for counsel fees and other litigation expense incurred by landowners following abandonment of such proceedings by the condemnors. A number of these are based upon the early case of North Missouri Railroad Co. v. Lackland, 25 Mo. 515, from which defendants quote as follows, loc. cit. 534:

> "[T]he court shall adjudge the costs of the proceeding according to equity. It is obvious that if the company is permitted to discontinue, all the costs and expenses of the landowner should be paid by the company. *This will embrace all the costs of the case and counsel fees, both here and in the court where the case was tried.*" (Emphasis ours.)

Defendants fail to note, however, that the holding above quoted is not predicated upon § 523.070 or any other general cost statute but was made under the provisions of the Act (charter) creating the condemning railroad (Session Acts 1850–51, p. 486), to wit:

> "In all such cases, the court shall adjudge the costs of the proceedings according to equity; *and the court shall have power to make such orders and take such other steps, as will promote the ends of justice between the owners of such lands and said company.*" (Emphasis supplied.)

There is no language such as that above italicized in § 523.070. To the contrary, it limits the right of the court to adjudge only the *costs* of such an action according to equity. Other cases wherein railroads were condemnors cited by defendants are: Leisse v. St. Louis & Iron Mountain Railroad Co., 2 Mo.App. 105; 5 Mo.App. 585; 72 Mo. 561; Lohse v. Missouri Pacific Railway Co., 44 Mo.App. 645; Sterrett v. Delmar Avenue & Clayton Railway Co., 108 Mo.App. 650, 84 S.W. 150; Kirn v. Cape Girardeau & Chester Railroad Co., 124 Mo. App. 271, 101 S.W. 673; and Gibbons v. Missouri Pacific Railway Co., 40 Mo.App. 146. For the reasons hereinafter stated, we deem them not controlling.

Defendants also cite Simpson v. City of Kansas City, 111 Mo. 237, 20 S.W. 38. It is not, however, helpful to them. In that case, Simpson brought an independent action against Kansas City for damages alleging that Kansas City brought an action in 1879 condemning his property for the widening of Twelfth Street, the damage for the taking of which was assessed in 1881, but that the action remained pending (not at Simpson's instance) until 1888, a period of nine years, at which time the proceedings were abandoned. The petition alleged that the proceedings were unnecessarily delayed and wrongfully and vexatiously continued to Simpson's great damage. The court held that, 20 S.W. loc. cit. 40:

> "So long as a city is acting under authority of law, and in conformity thereto, it is difficult to find any satisfac-

tory ground upon which to base an action for damages. It is true that, so long as the proceedings are pending, the owner is deprived of the full use and enjoyment of his property. This is no less the case in every action in which the title to property is involved. It is an injury for which no remedy has been provided. Every owner of real estate, especially in a town or city, holds his right and title thereto subject to the right of the public to appropriate it, in case of necessity, to public uses, the appropriation to be enforced, if legal force is necessary, according to the charters and laws governing that subject. This inconvenience and damage is incident to the ownership of property. A proceeding in conformity to the charter and the laws of the land would not be wrongful, and would not subject the corporation to damages, though subsequently abandoned."

But the court, upon further consideration of the facts, also further held:

"We think the long, unexplained, and wrongful delay charged, and the final dismissal of the proceedings, with the alleged injuries, make a *prima facie* case, and the demurrer should have been overruled."

We have no such case. There is no intimation in the instant record of any delay or other vexatious, capricious or otherwise tortious act of the school district. The record shows that plaintiffs proceeded with diligence from the time of filing the action until its prompt abandonment following the jury's award.

Defendants also cite the case of Nifong v. Texas Empire Pipe Line Co., 225 Mo. App. 1134, 40 S.W.2d 522. Neither does that case aid them. It holds that a pipeline company, upon dismissal of a condemnation proceeding, is liable for costs *and expenses* of the landowner, but the opinion specifically points out, 40 S.W.2d loc. cit. 523, that: "There is a distinction between the rule

applicable to private or quasi public and purely public corporations, which we need not go into at this time. See Ritchie v. State Board of Agriculture, 217 Mo.App. 202, 260 S.W. 488; Meadow Park Land Co. v. School District of Kansas City, 301 Mo. 688, 701, 257 S.W. 441, 31 A.L.R. 343."

The distinction between the liability of railroads or other private corporations and purely public corporations for litigation expense, etc., in delay or abandonment of condemnation proceedings is stated in St. Louis Brewing Association v. City of St. Louis, 168 Mo. 37, 67 S.W. 563, loc. cit. 565–566, wherein it was said:

"Accordingly, upon a comparison of the statute upon which the proceeding in St. Louis Ry. Co. v. Southern Ry. Co. (138 Mo. 591, 39 S.W. 471) was based with the charter of the railroad in the Lackland case, the court reluctantly came to the conclusion, in view of the long line of decisions based upon Railroad Co. v. Lackland, that there was not sufficient evidence of a change in the intention of the legislature (the statute requiring that all costs shall be adjudged by the court 'as it shall deem to be just') to require a different ruling, and hence allowed counsel fees in that case; but that the court did not consider the railroad act as applying to a municipal corporation having the absolute right to dismiss its proceedings, we think, is obvious, * * * Taking all the cases of this court into consideration, we think the distinction is maintained between a proceeding for condemnation by a municipal corporation and a railroad corporation, growing out of the difference in the charters of the former and the latter, and that a municipal corporation with a charter like that of Kansas City and St. Louis, which permits the city to discontinue at any time prior to the final judgment and appropriation to pay for the improvement,—to dismiss upon the payment of costs,—is not liable for counsel fees and fees of expert

witnesses, save when, as in the Simpson case, it is alleged and made to appear that such proceedings 'are needlessly, wrongfully, and vexatiously continued by the city, against the protest of the landowner, when it is in the power of the city to dismiss them and avoid the injury to him.' "

This brings us to the case of Meadow Park Land Co. v. School District of Kansas City, 301 Mo. 688, 257 S.W. 441, 31 A.L.R. 343, which the trial court believed justified its finding that the claims herein asserted by defendants should be denied. In that case, this court defined the issue as follows, 257 S.W. loc. cit. 442:

"The question is whether the school district of Kansas City, which instituted a proceeding to condemn land of the appellant for school purposes, and, after prosecuting that proceeding for several months, dismissed it, is liable for the attorney's fees and other attendant expenses incurred by appellant in its defense in that proceeding."

The landowner sued for the sum of $9,107.66, the amount which it had paid out or had become legally liable to pay by reason of the institution of the proceeding to condemn. The school district demurred to the petition, which was sustained by the trial court. The landowner stood upon its petition and appealed from the judgment rendered against it.

In disposing of the contentions made by appellant, the court noted, among others, the line of decisions in condemnation cases brought by railroads, saying of them, 257 S.W. loc. cit. 443:

"There are numerous decisions of the appellate courts of this state, beginning at an early time, dealing with the right of corporations, after instituting such a proceeding to discontinue the same, and with the question of their liability to the property owner who has incurred expense or loss by reason thereof. The liability of a railroad company under these conditions has been sustained in the following cases: [Cases cited.]"

The court ruled, however, they were not controlling, citing and quoting the limitations placed upon them in St. Louis Ry. Co. v. Southern Ry. Co., 138 Mo. 591, 39 S.W. 471, 472, and St. Louis Brewing Association v. City of St. Louis, 168 Mo. 37, 67 S.W. 563, and other cases.

The opinion (in Meadow Park) further noted that there was no charge that the proceeding brought by the school district had been needlessly brought or vexatiously and unnecessarily prolonged; and that § 523.070 (upon which the defendants in this case base their right of recovery) refers to costs proper and not to expenses incurred by the property owner for fees paid out to counsel or other like expenses incurred in making his defense, citing City of St. Louis v. Meintz, 107 Mo. 611, 18 S.W. 30. Following further extended discussion of the question posed and cases bearing thereon, the opinion holds, 257 S.W. loc. cit. 446:

"The school district does not exist for any private gain or purpose, but wholly for public and beneficent purposes. The right of Kansas City in the Simpson case, and of St. Louis in the Brewing Association case, as municipalities through provisions of their charters, to dismiss condemnation proceedings upon payment of costs, and without liability for expenses or counsel fees incurred, was sustained. No statute forbade it. No statute forbids the school district from dismissing. The question of dismissing the proceeding to condemn a particular parcel of land for a site must be determined by the members of the board of directors, as public officials, and as in the public interest. * * *

\* \* \* \* \* \*

"In the absence of statutory enactment, or of precedent more compelling

in force than those cited, it should not be held that this liability attaches to the school district.

\*     \*     \*     \*     \*     \*

"The power of school districts to contract, or to incur liability is limited, and is controlled by statute, and must be shown to arise out of authority granted expressly or by necessary implication. [Cases cited.] Appellant founds its right of action upon a statute [Chapter 523 RSMo 1949; Id. 1959, V.A.M.S.] as it has been construed, and upon section [165.533 RSMo 1949; Id. 1959, V.A.M.S.]. Frequent reference has been made in the opinions in the cases cited to statutory provisions and to charter provisions of railroad companies and of cities, but in St. Louis v. Meintz, 107 Mo. loc. cit. 615, 18 S.W. loc. cit. 31, Judge Black in the opinion said: 'In the Lackland case, it is true, mention is made of the statute which provides that the court shall adjudge the "costs of the proceeding according to equity;" but it is evident that this court imposed the terms of paying counsel fees, not because of the statute, but independent of it.' The liability here claimed ought not to be held to exist independent of any statute, or, at most, upon a construction so doubtful in character."

■   The ruling in the above case is not peculiar to Missouri. The exemption of public corporations or other public agencies from liability for litigation expense or pecuniary loss incurred by the landowner when condemnation proceedings brought by the former in the performance of their public functions are in good faith timely abandoned is supported by the great weight of authority. Indeed, respectable authority says that in most jurisdictions *all* condemnors are exempt from such liabilities. Nichols on Eminent Domain, 3rd Ed., Vol. 6, § 26.45, p. 199. And, where a distinction is drawn between public corporations and private corporations, the Missouri rule is the generally accepted one. 18 Am.Jur., Eminent Domain, § 371, pp. 1013–1015. See also annotations in 121 A.L.R., Eminent Domain Proceedings, p. 84 et seq., and 31 A.L.R., Condemnation-Abandonment, p. 352 et seq.

■   In view of the foregoing, we are constrained to hold that defendants are not entitled to recover the counsel fees or other litigation expense herein sought.

Although the Meadow Park Land Company case seems clearly to dispose of every contention asserted by defendants, they, nevertheless direct our attention to § 523.-045, which became effective on August 29, 1959, seven months after the instant action was filed. That Act, for the first time in Missouri, provides, among other things, for the payment of *interest* on awards in condemnation cases upon abandonment of the proceedings to the extent and in the manner therein defined. Defendants assert the Act is procedural and that, although this action was begun prior to its effective date, this court should hold that the trial court would have been justified in allowing the award of interest made by the jury to stand. They cite no authority in support of their contention and, in a footnote to their brief, state that: "If, however, the School District argues that Section 523.045 is inapplicable, then interest was properly submitted to the jury and the $1,155 interest award should stand despite abandonment," citing State ex rel. State Highway Commission v. Green, Mo.Sup., 305 S.W.2d 688, 692–694; St. Louis Housing Authority v. Magafas, Mo.Sup., 324 S.W.2d 697, 700.

■■   Obviously, § 523.045, insofar as its provisions could be here pertinent, is primarily substantive. When this action was instituted and when both parties excepted to the award of the commissioners and demanded that a jury assess the damages, plaintiffs had the right to abandon the action within ten days after any award made by the commissioners or thereafter by a jury. There was at that time no right to an allowance of interest upon the abandon-

ment of the action within the time then provided by law. Section 523.045, to any extent it restricts or places a charge upon that existing right, is, therefore substantive. Barbieri v. Morris, Mo.Sup., 315 S.W.2d 711, 714. Statutes affecting substantive rights are not to be construed retrospectively in the absence of clearly expressed legislative intent. Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124, 129; 26 Mo. Dig., Statutes, ☞263. We have found nothing in the Act warranting such an intention and defendants have pointed to none.

Defendants further assert that Brunn v. Kansas City, 216 Mo. 108, 115 S.W. 446, permits the imposition of interest (as damages) in this case. A reading of the entire statement found on page 450 of the opinion, from which defendants quote only a portion, reveals that although the court was fully aware of the damage often suffered by a landowner by reason of delay in condemnation cases, yet such fact gives him no right to damages in the absence of showing of vexatious delay on the part of the condemnor.

Neither may an allowance of interest be justified under the facts and the rulings made in the cases of State ex rel. State Highway Commission v. Green, Mo., 305 S.W.2d 688, and St. Louis Housing Authority v. Magafas, Mo., 324 S.W.2d 697, both supra. The facts in neither of those cases are analogous to those in the instant case. In this case, the award of the commissioners was set aside at the request of both parties. Defendants remained in possession of their land and plaintiffs lawfully abandoned the proceeding within ten days after the jury returned its assessment. In both the Green and Magafas cases, the condemnors had taken the lands into their possession and, upon the filing of the report of the commissioners, had permanently appropriated them.

Defendants' final contention is that the court erred in dismissing plaintiffs' action "without prejudice * * * because

[plaintiffs] may not now refile condemnation proceedings in order to acquire all or part of this same property without being bound by *this* $33,000 damage award * *." They say that Smith v. Taylor, Mo.App., 289 S.W.2d 134, supports their contention that plaintiffs had no right to dismiss without prejudice after final submission, citing § 510.130 of the Code of Civil Procedure (S.Ct. Rule 67.01), which allows dismissal of an action without prejudice at any time before final submission. That suit was not a condemnation proceeding and it actually held, loc. cit. 140: "We think the mere fact that plaintiff would bring another action against defendant is not such an injury as would justify the court in denying plaintiff's request to take a voluntary dismissal. Defendant must show that some undue advantage would be given plaintiff by such dismissal or that under the circumstances defendant would lose some right of defense before the injury would justify the trial court's action." We think it not controlling in the instant case.

Defendants also cite and quote a portion of a statement appearing in Rogers v. City of St. Charles, 3 Mo.App. 41, but they fail to note a qualification set out in the statement which has a most important bearing upon the applicability of the holding therein to the situation presented in this case. That qualification is the portion italicized, wherein the court said, loc. cit. 45, "that this value (that fixed by a prior jury in a condemnation proceeding for the widening of a street in the City of St. Charles) is fixed by the first award; that this is binding upon the city, *except in the event of the abandonment of the design of widening the street;* and that it is not competent for the city, adhering to its original purpose to widen the street, to have recourse, tentatively, to a number of juries * * *." (Italics supplied.) Moreover, the court further said, loc. cit. 47: "We do not mean to say that there may not be, on the part of a municipal or other corporation, an abandonment of a particular project in a given year—let us say in the year 1870—

and in the year 1874 a revival of the same measure. What we do mean to say is that such a corporation shall not, under color of this power, set at naught the constitutional provision that just compensation shall be made for all private property taken for public use." In the instant case, plaintiffs have neither taken nor withheld defendants' property.

Defendants also cite In re West Terrace Park (also styled Kansas City v. Mulkey) 176 Mo. 229, 75 S.W. 973. We find that what it actually held, 75 S.W. loc. cit. 979, was: "It will be sufficient, without further comment upon the numerous authorities cited by appellants, to say that none go further than to hold that, where there is a valid, subsisting, and final judgment in condemnation proceedings, unappealed from, *not vacated, or set aside*, such former proceeding or judgment therein may be interposed as to bar the prosecution of a new proceeding for the condemnation of the same property for the same purpose by the same corporation." (Emphasis supplied.) Clearly, that case does not aid defendants.

■ Section 523.040 provides that the commissioners' award may be enforced by execution "unless the [condemnor] shall, within ten days from the return of such assessment, elect to abandon the proposed appropriation of any parcel of land, by an instrument in writing to that effect, * * and as to so much as is thus abandoned, the assessment of damages shall be void." When that section is read in connection with §§ 523.050 and 523.060, "the true reason and meaning of the law is that the condemning party has a right to abandon the proceeding at any time within 10 days after the first assessment by the commissioners, or, if the court awards a new assessment, within 10 days after the subsequent assessments by subsequent commissioners or by a jury." State ex rel. Hilleman v. Fort, supra, 180 Mo. 97, 79 S.W. 167, 171. That case also holds, 79 S.W. loc. cit. 171, that the condemnation law

is "a code unto itself" and that it recognizes the right of abandonment by the condemnor if the assessment is so high as to make the acquisition of the property prohibitive.

■ The general rule is that "a condemning party which abandons the proceedings before compensation has been paid or the right thereto has become vested does not thereby lose the right to institute new proceedings for the condemnation of the same property, if it acts in good faith; * * *." 30 C.J.S. Eminent Domain § 340, p. 18. See also annotations in 121 A.L.R., p. 79 et seq. There is nothing in the record that suggests plaintiffs were not acting in good faith in abandoning the proposed acquisition of defendants' property. In any event, our present S.Ct. Rule 86.06, which became effective April 1, 1960, tends to free defendants of any immediate likelihood of vexatious litigation by virtue of want of good faith on the part of plaintiffs in the abandonment of the instant proceeding. That rule provides: "If such appropriation be so abandoned as to any property, proceedings for the condemnation of the same property shall not be instituted again within two years after such abandonment." We are convinced that the court did not err in permitting dismissal of plaintiffs' action "without prejudice."

The judgment is affirmed.

All concur.

On Motion for Rehearing

PER CURIAM.

■ The opinion in this case came down on March 13, 1961. On March 28, 1961, appellants' (defendants') attorneys of record withdrew from further representation of them. On the same day, Messrs. Winger, Nugent and Rayburn entered their appearance as appellants' attorneys of record and filed this motion for rehearing or, in the alternative, for transfer of the cause to court en banc. That motion states:

"In appellants' motion for new trial (tr. 44–45) they asserted that they had been deprived and suffered the taking of their property without due process of law in violation of Section 10, Article I, Missouri Constitution, 1945, * * *." And that: "The court apparently has failed to consider the question whether the abandonment of condemnation proceedings without compensation for litigation expenses to the condemnee is a violation of Section 10, Article I, Constitution of Missouri, 1945, *and the Fourteenth Amendment to the Constitution of the United States.*"[1]

Actually, appellants did not invoke the provisions of the due process clause of the Federal Constitution either at trial or on appeal. The pleading filed by them in the trial court alleged that:

"Abandonment [of the condemnation proceedings] without judgment to the defendants for the foregoing necessary and reasonable interest, costs and expenses * * * is a deprivation, taking and loss of their property rights and interests without due process of law, in violation and contravention of Sec. 10, Art. I, Mo.Const.1945."

In this court, "Point I" of their brief states:

"The trial court erred in refusing to require the respondent school district to pay the appellants' necessary litigation expenses and interest after its abandonment of these condemnation proceedings because otherwise the appellants' property rights have been unconstitutionally taken or damaged without just compensation or *due process of law. Similar reimbursements for litigation expenses and interest have been frequently allowed in Missouri both under Sec. 523.070, RSMo 1949 [V.A.M.S.], and general equitable principles, and thus the appellants' present motion for expenses and interest should be remanded to the circuit court for specific findings upon the necessity and amount of the expenses and interest.*"

Quite definitely, no federal question was presented to this court.

The assignment in appellants' brief on appeal was considered primarily as an argument seeking to impress the court with the equity of appellants' contention, to wit: that said Section 523.070 should be construed to justify taxation of certain *expenses incurred by the defendants in this litigation* as "costs" upon thes basis of *equitable principles* rather than construing said statute as, on its face, it purported to be, to wit: a statute declaring the basis upon which *statutory costs* were to be assessed in condemnation cases.

Appellants' present counsel say that "their damage arises, not from the condemnation proceeding itself, but from the abandonment after the condemnation proceeding without compensation for the expenses which obviously must be incurred in any condemnation proceeding." This, they contend, "is a violation of the due process clause of both the Missouri and the United States Constitutions even though the proceeding in the condemnation action itself may have followed the statutes in all details. It is the failure of the statutes and of the State of Missouri to provide appellants a remedy which deprives them of their property, that is, the money it cost appellant successfully to defend the action, without due process of law." They cite no authority in support of the bald contentions now made.

Review of the opinion filed herein convinces us that it correctly disposes of the points made and presented by the appellants at trial and on appeal. Appellants' motion for rehearing or, in the alternative, for transfer to court en banc is overruled.

All concur.

---

1. All emphasis herein is that of this court.