LEISSE v. THE ST. LOUIS & IRON MOUNTAIN RAILROAD COMPANY, *Appellant.*

1.  **Eminent Domain.** The right of eminent domain resides in the State, and may be enforced, not only in behalf of the State, but of any artificial person clothed with a franchise, the enjoyment of which promotes a public use. The basis of the enforcement is the necessity for the public use of the property the taking of which is sought.

2.  ———: ABANDONMENT OF PROCEEDINGS: DAMAGES. If proceedings

36—72.

are instituted to condemn for public use the property of an individual, and after the value of the property is ascertained by inquest, the proceedings are abandoned because the price assessed is unsatisfactory, the corporation instituting such proceedings will be answerable to the owner for all damages occasioned by them.

3. ——— : ——— : REMEDY OF JOINT OWNERS. Where property, against which proceedings to condemn for public use have been instituted and afterward abandoned, belonged to A & B, co-tenants, who in resisting the proceedings employed different counsel, who severally attended to the management of the case; *Held*, that it was error to permit them to sue jointly to recover damages for counsel fees.

4. ——— : ——— : DAMAGES. In an action to recover damages for the institution of proceedings to condemn private property for public use, money need not have been actually paid out to entitle plaintiff to recover; but if a debt has been created by reason of such proceedings, a damage has been incurred for which an action will lie.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Thoroughman & Pike* for appellant.

*E. T. Farish* and *Louis Gottschalk* for respondent.

HOUGH, J.—This was an action to recover damages resulting from the institution and discontinuance by the defendant of certain proceedings for the condemnation of a parcel of ground in the city of St. Louis, belonging to the plaintiff. The plaintiff recovered judgment in the circuit court, which was affirmed by the court of appeals, and the defendant has appealed to this court. This case was twice before the court of appeals. The first decision of the court is to be found in 2 Mo. App. Rep. p. 105, where all the questions involved in this litigation are discussed in a most exhaustive and satisfactory manner. The opinion of the court of appeals when the case was before it the second time, is not reported at length, but a statement of the point decided therein is to be found in 5 Mo. App. Rep. p. 585. Being satisfied after a careful examina-

---

*These syllabi are taken from 2 Mo. App. p. 105.

tion of the record before us, that this cause was tried and the judgment therein rendered in strict conformity to the views expressed by the court of appeals when it was first before that tribunal, in which views we fully concur, the judgment of the court of appeals will be affirmed. The other judges concur, except SHERWOOD, C. J., dissenting.