WILLIAM GIBBONS, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY; Appellant.

Kansas City Court of Appeals, March 31, 1890.

1. **Damages** : CONDEMNATION PROCEEDINGS : ABANDONMENT AND RE-INSTITUTION OF. When proceedings for condemnation are dismissed, notwithstanding they may have been re-instituted, the party instituting them will be liable in an action for damages occasioned by the first, unless such damage was adjudicated in the second ; and whether they were so adjudicated is a question which may be tried as was done in this case by submitting it to the jury on evidence.

2. ———— : ———— : ATTORNEY'S FEE : EVIDENCE : EXPERT TESTIMONY. An attorney's fee in a first condemnation proceeding is a proper element of damage, provided it is a reasonable one, and the court incline to the opinion in the absence of evidence to the contrary of that offered by the plaintiff, that the fee in question was reasonable, though no lawyers were called to show it reasonable, as jury are not confined to the testimony of experts in fixing the value of professional services.

*Appeal from the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

Statement of the case by the court.

The evidence in this case shows that on the twenty-seventh day of May, 1887, the plaintiff was the owner of a sawmill situated on a lot of ground in the city of Boonville, Missouri, on which he had a lease which had about four years to run ; that on the date aforesaid the defendant commenced proceedings in the circuit court of Cooper county, Missouri, to condemn, for railroad purposes, plaintiff's property ; that under the proceedings commissioners were appointed, who assessed the damages occasioned the property by its appropriation at the sum of three thousand dollars ; that defendant filed exceptions to said report, and that upon exceptions the proceedings were continued from term to term until the twenty-fifth day of February, 1888, when it was voluntarily dismissed by defendant's attorneys and all proceedings thereunder discontinued. The evidence further shows that, prior to the commencement of said condemnation proceedings, the plaintiff was operating his sawmill and using the leased premises in connection therewith, and was engaged in sawing, shipping and selling lumber, and was receiving therefrom an income ; that at the time of the commencement of said proceedings and at various times thereafter the plaintiff was informed by defendant's agents and attorneys that his said property would be taken for railroad purposes, and, in consequence thereof, plaintiff was afraid to take orders for lumber and to contract for logs, and his business was for several months virtually stopped. The evidence further shows that on the twenty-ninth day of October, 1888, the defendant commenced a second proceeding against plaintiff and his said property for its condemnation for the same purpose as the first, which said proceeding was prosecuted to final judgment, and, under which, said property was actually taken and appropriated.

This suit was commenced by plaintiff to recover for the losses sustained by him by reason of his having been

deprived of the use of his property during the pendency of the first proceeding and for the costs and expenses incurred by him in defending said proceeding. And, upon the trial in the circuit court, plaintiff obtained judgment for five hundred dollars, from which the defendant has appealed.

*Wm. S. Shirk*, for the appellant.

(1) It was error for the court to admit any evidence of any of the damages alleged in the petition under the pleadings. The plaintiff's petition and reply, read together, aver and admit a state of facts, under which plaintiff was not entitled to recover, viz.: *First*. That the purpose and intention of defendant to condemn the right of way across the lot of plaintiff was never abandoned. *Second*. That before the first proceedings were dismissed, a second suit to secure such right of way had been brought, which was prosecuted to a final judgment of condemnation of such right of way. There was, therefore, no such abandonment of the proceedings, as in law, entitled the plaintiff to recover. *Liesse v. Railroad*, 2 Mo. App. 105; s. c., 72 Mo. 561; Lewis on Em. Dom., sec. 568, on page 858. The second proceeding was prosecuted to a final judgment of condemnation on the one hand, and assessment of damages on the other. It is a conclusive presumption of law, that this last assessment of damages included all damages, and all elements of damage to the plaintiff's property, which had accrued to him, from whatever source, up to the time the jury assessed them. Lewis on Em. Dom., sec. 565, and cases cited. (2) Plaintiff's first instruction, being in direct conflict with the principles of law stated in point, *supra*, is erroneous. (3) Plaintiff's second instruction is erroneous and misleading. As to part of it, it does not correctly state the measure or rule of damages, and a part of it is not supported by any evidence whatever. *First*. It instructs the jury to

assess the plaintiff's damages "at whatever amount you may believe, from the evidence, the rental value of the plaintiff's property of which he was deprived by defendant's said proceedings was worth." There is no evidence that the possession of the premises was taken from plaintiff, by the first proceedings, for a single moment—only that the use thereof was so interfered with as to diminish the rental value. The instruction should have fixed the measure of damages at the difference between its rental value, before the proceedings were begun and afterwards. *Second.* It tells the jury to include in the assessment "reasonable attorney's fees paid or agreed to be paid." There is not a particle of evidence proving, or tending to prove, that the two hundred and fifty dollars, agreed to be paid by plaintiff to his attorneys, was a reasonable fee. Defendant can only be held liable for a reasonable attorney's fee—not any fee which he may have paid, or agreed to pay, and it devolved upon him to show, by proper evidence, that the fee paid or agreed to be paid was a reasonable and proper one. There was no such evidence. Citation of authorities on such a proposition is unnecessary. But see Weeks on Attorneys, secs. 338, 340; Abbott's Trial Ev., p. 377-8; *Pearson v. Darrington,* 32 Ala. 227, 262; *Webb v. Browning,* 14 Mo. 354; 1 Am. & Eng. Cy. Law, p. 966.

*Cosgrove & Johnston,* for the respondent.

(1) The completest refutation of the first point in the brief of appellant's counsel that can be given will be found in the case cited by him in support thereof, viz.: *Leisse v. Railroad,* 2 Mo. App. 105, and 72 Mo. 561. (2) In the second assessment of damages on plaintiff's property under which it was finally taken, the costs, expenses and losses occasioned by the first proceeding were not considered, and could not have

been. The commissioners or jury in the second proceeding could only estimate the damages resulting from that proceeding, they could not estimate prior injuries to the property or losses to the owner, occasioned by prior acts of the railroad. They only had to consider of the present and the future, not of the past. Lewis on Em. Domain, sec. 565; *Dearborn v. Railroad,* 24 N. H. 179. (3) Plaintiff's first instruction, which is complained of by appellant, submitted to the jury the question as to whether the damages claimed in this suit were considered by the jury in the assessment of damages in the second proceeding for the condemnation of said property. Evidence was offered by plaintiff, without objections, on that point, and the instruction was proper. (4) Appellant claims that the trial court erred in telling the jury to include in the assessment of damages "reasonable attorney's fees paid or agreed to be paid," because there was no evidence proving, or tending to prove, that the two hundred and fifty dollars, agreed to be paid by plaintiff to his attorneys, was a reasonable fee. The evidence of plaintiff tends to prove that the sum of two hundred and fifty dollars was a reasonable fee. *Hale v. Meegan,* 39 Mo. 272; *Hammerslough v. Ass'n,* 79 Mo. 80. The jury was authorized to determine the reasonableness of the attorney's fees from its "own knowledge and ideas" on the subject. *Head v. Hargrave,* 105 U. S. 45. (5) Respondent's contention is, that having contracted with his attorneys to pay them two hundred and fifty dollars for their services to be rendered in said proceeding, and having proved this fact, the burden was then thrown upon the defendant to prove that said contract price was unreasonable.

ELLISON, J.—The principle which should govern this case will be found in the opinion delivered in *Leisse v. Railroad,* 2 Mo. App. 105; s. c., 72 Mo. 561.

But it is contended here as a distinction between this and the case cited that here the proceedings were not abandoned. That they were re-instituted and prosecuted to a final condemnation of the property. In this respect this case does differ from the one cited, but the court instructed the jury that, if they believed from the evidence that the damages sustained by plaintiff in the first proceedings were not included in the damages assessed in the second, the second proceeding was neither a bar nor defense to this action. This instruction was properly given, as the plaintiff had the unquestioned right to show by oral testimony that the present claim was not adjudicated in the second proceedings.

This, however, as I understand it, does not include the full scope of defendant's contention. It is further urged, since there was a second proceeding, begun even before the first was dismissed, that there was no abandonment, and that unless there is a final abandonment of the proceedings no damages as claimed here can follow. We do not think this position sound. Defendant was liable for damages arising by reason of the first proceedings and the prosecution of the second will not absolve it. Though ordinarily it would be presumed that such damage was included in the assessment under the second, yet this presumption is not conclusive as claimed by defendant. Whether such was the fact in this case was submitted to the jury who have found for the plaintiff.

We, therefore, hold that where proceedings for condemnation are dismissed, notwithstanding they may have been re-instituted, the party instituting them will be liable in an action for damages occasioned by the first unless such damage was adjudicated in the second; and that whether they were so adjudicated is a question which may be tried as was done in this case by submitting it to the jury on the evidence adduced. *Brown*

v. *Weldon*, 34 Mo. App. 378; *Snodgrass v. Moore*, 30 Mo. App. 232; *State v. Orahood*, 27 Mo. App. 496; *Lightfoot v. Wilmot*, 23 Mo. App. 5.

II. Plaintiff's attorney's fee in the first proceeding was a proper element of damage, provided it was a reasonable one, and we are inclined to the opinion, in the absence of evidence to the contrary of that offered by plaintiff, that the jury were authorized to find the fee in question was reasonable. No testimony of lawyers was introduced to show the fee was reasonable, nor do we think it absolutely necessary that it should have been done. The plaintiff testified that the attorneys charged him three hundred dollars, to which amount he objected as being unreasonable, but that he finally agreed on two hundred and fifty dollars. Considering that juries are not confined to the testimony of experts in fixing the value of professional services we think the evidence adduced was sufficient to go to the jury. *Head v. Hargrave*, 105 N. S. 45; *City of Kansas v. Street*, 36 Mo. App. 666.

The instructions for defendant were more than, in our opinion, it was entitled to, but of this it cannot complain. The judgment is affirmed. All concur.