138  591
f 83a 560
138    591
168  ² 43
d168 ² 45

St. Louis Railway Company v. Southern Railway Company, *Appellant*.

### Division One, April 3, 1897.

1. **Attorney's Fees:** CONDEMNATION PROCEEDINGS: EXPENSE RECOVERABLE. On the voluntary discontinuance of proceedings to condemn land for the use of a railway, the landowner is entitled to the payment by the company of all his costs in the case, including counsel fees.

2. ——: ——: ——. So long as the law permits a corporation to discontinue a condemnation proceeding whenever the damages assessed against it are regarded by it as unreasonable or otherwise unfavorable, the plainest principles of right require that all costs sustained by the landowner, including counsel fees incurred in fighting the appropriation of his land for the company's use, should be paid.

3. ——: ——: ——: EMINENT DOMAIN. Every citizen holds his property subject to the paramount right of the State to appropriate it to public use, but when this power is conferred by the State upon a public corporation it becomes most extraordinary, and is allowable only where the plain letter of the law permits it and under a careful observance of the formalities prescribed for the owner's protection. The landowner has a right to dispute such encroachment, and to employ counsel to aid him in doing so.

4. **Attorney's Fees:** EXCESSIVE DAMAGES. Where the issue is one for the jury, under the supervision of the court, and the evidence is abundantly sufficient to sustain the finding, this court will not interfere on the ground that the verdict is excessive.

*Appeal from St. Louis County Circuit Court.*—Hon. Rudolph Hirzel, Judge.

AFFIRMED.

*John A. Gilliam* for appellant.

(1) There was no cause of action stated in the petition. By a species of what may with all due

respect to the court perhaps be termed judicial legisla-
tion, it has been decided in this State, where an effort
to condemn private property was made, that upon the
dismissal of the condemnation proceedings the prop-
erty owner, in addition to the costs of the case, which
are determined by statute, could recover attorney's
fees expended in the case. *St. Louis v. Meintz*, 107
Mo. 611; *Leisse v. Railroad*, 72 Mo. 561; Lewis on
Em. Domain [Ed. 1888], sec. 658; Mills on Em.
Domain [2 Ed. 1888], sec. 311–313; Randolph on Em.
Domain, sec. 199–282, 283, 284; *Simpson v. Kansas
City*, 111 Mo. 237. (2) Furthermore, the action con-
templated was in pursuance of the constitutional rights
of the city, article 10, charter of St. Louis, its contrac-
tual rights with St. Louis Railroad Company, ordi-
nance 12477, which have been fully decided by this
court in *Railroad v. Railroad*, 105 Mo. 577 (see opinion
of THOMAS, J.). According to the opinion of Judge
THOMAS and case of *Railroad v. Railroad*, 19 Am. Law
Reg. 765, this case had but one element of an eminent
domain case, that of settling the compensation, and
therefore should not be subject to all the incidents of
eminent domain cases. *Railroad v. Railroad*, 105 Mo.
562; *Railroad v. Railroad*, 105 Mo. 577; *Black v.
Mayor, etc., of Baltimore*, 50 Md. 235; 56 Md. 333.
(3) The damages were excessive, and the court's
instructions given thereon were erroneous. The serv-
ices of respondent's counsel were nearly all rendered
before January 1, 1890, according to Mr. Galt's own
testimony, and with the single exception of the filing
of a general denial they were all directed against the
utility and constitutionality of the proceeding. Neither
he nor any of his witnesses would separate his work,
or give an opinion as to the value of that part directed
only to getting a just compensation. *Folmar v. Folmer*,
71 Ala. 136; Randolph on Em. Domain, sec. 282;

*Railroad v. Railroad,* 100 Mo. 59; *Railroad v. Railroad,* 105 Mo. 562; *Railroad v. Railroad,* 105 Mo. 577; Randolph on Em. Domain, sec. 284.

*Smith P. Galt* for respondent.

(1) The verdict was not excessive. Defendant in the condemnation proceeding had the right to defend against the same upon its merits and it was the duty of counsel to raise in defendant's behalf every material question of law and fact to that end. It is not pretended that any point raised, or action taken by defendant's counsel, was frivolous. (2) The "instrument of abandonment," offered in evidence by defendant here, was properly excluded. It was incompetent. It was merely an *ex parte* statement of defendant, and a party can not make evidence for itself in that way. If the statements contained in it were facts, and were relevant, defendant had a legal method of proving them *aliunde.* (3) Defendant's third instruction was properly refused because there was no evidence whatever tending to prove that the legal services rendered plaintiff were "merely obstructive of the proceedings, * * *. or to prevent competition in the carrying of passengers." (4) When a railroad corporation attempts to exercise the power of eminent domain, and decides to acquire property not by purchase but by condemnation, on the ground that it is necessary for its use, and ostensibly prosecutes proceedings for that end, it is liable to the property owner at least for his expenses incurred in defending the action, in case it changes its mind, and concludes that it does not want it, or won't take it, and abandons the proceeding. *Railroad v. Lackland,* 25 Mo. 515; *Railroad v. Reynal,* 25 Mo. 534; *City of St. Joseph v. Hamilton et al.,* 43

Mo. 282; *Leisse v. Railroad*, 2 Mo. App. 105, and 72 Mo. 561; *Graff v. Mayor & C. C. of Baltimore*, 10 Md. 522; *Van Valkenburgh v. City of Milwaukee*, 45 Wis. 574. (5) Defendant's fourth instruction was properly refused, because defendant's liability does not depend upon whether its condemnation proceedings were "unreasonably delayed or oppressively prolonged;" but on what was worse, their total abandonment.

MACFARLANE, J.—This is a suit to recover damages on account of the expense of employing counsel in defending a condemnation proceeding prosecuted by plaintiff against defendant. Plaintiff and defendant are each corporations owning and operating street railways in the city of St. Louis. In 1889 a part of plaintiff's railway, with two tracks, was located along and upon Broadway in said city. Defendant secured from the city the right to extend its road along the same street and that portion thereof occupied by plaintiff's road. Defendant desired, and claimed the right to use the tracks of plaintiff upon which to run its cars. This right plaintiff disputed. To enforce the right claimed, and to have compensation for the use ascertained, defendant commenced a proceeding of condemnation in the circuit court. This suit plaintiff vigorously defended, denying the right of defendant to exercise the power of eminent domain, denying the power of the city to grant the right to defendant to use its track, and denying the right of one public corporation to interfere with the franchises of another. These defenses were all overruled by the court and commissioners were appointed to assess the damages. The question of the amount of the damages was fought out before the commissioners and their award was deemed by the plaintiff as excessive and it filed exceptions to the report. Before the exceptions were passed upon by the

court defendant dismissed the proceedings. The numerous defenses were made by counsel employed by plaintiff.

On the trial in this case each party offered evidence tending to prove the value of the legal services rendered in the condemnation proceedings. This evidence consisted chiefly of the opinions of expert witnesses. The opinions as to the value ranged from $500 to $5,000.

The instructions asked by each party required the jury to find the value of the legal services rendered. The jury returned a verdict in favor of plaintiff for $4,000, and from a judgment rendered for that amount defendant appealed.

Defendant insists that the expense incurred in the employment of counsel in such proceedings is not recoverable; that such expenses, if recoverable, should only include that incurred in ascertaining the amount of the damages; and that the damages are excessive.

I. On the question whether, on dismissal of proceedings to appropriate land to public uses, the landowner is entitled to recover of the ex-propriator, counsel fees paid by him in making defense against the appropriation, the decisions in the different jurisdictions are not uniform. This want of uniformity, on examination, will be found to result rather from the difference of statutory provisions, than from want of harmony in the general principles of law. It must be agreed that the generally accepted rule is, that the right to recover the expenses of the litigation, as well as legal costs, in any case, must be determined from a common law standpoint, unless otherwise provided by statute. Lewis on Eminent Domain, sec. 658; Randolph, Em. Dom. 282–284, and cases cited.

The rule at common law is that the successful party is only entitled to recover his taxable costs in which

the fees he pays counsel are not included. "In general," says Sedgwick, "the law considers the. taxed costs as the only damages which the party sustains by the defense of the suit against him, and these he recovers by the judgment in his favor." 1 Sedgwick on Damages, sec. 229.

Except in some special cases, counsel fees are not recoverable as costs under our statutes; such fees are not included in general provisions for the payment of costs, nor are they specially included under the chapter regulating proceedings for the appropriation of land for public uses.

Was the question of the recovery of such expenses on dismissal of condemnation proceedings a new one in this State, we might hesitate in sustaining this action. But this court forty years ago held that on the discontinuance of proceedings to condemn land for the use of a railroad, the landowner was entitled to payment by the company of all the costs of the case including counsel fees. *Railroad v. Lackland*, 25 Mo. 515. This case has been followed, or approvingly cited, in many subsequent cases. *St. Joseph v. Hamilton*, 43 Mo. 288; *State ex rel. v. Hug*, 44 Mo. 117; *St. Louis v. Meintz*, 107 Mo. 611; *Simpson v. Kansas City*, 111 Mo. 240.

While authority to charge such expenses against the public corporations is not expressly conferred by their charters, or the general statutes, the rule, so long followed in the *Lackland* case, is eminently equitable and just, and the law has therefore been given an equitable construction. If a corporation has the right to discontinue its proceedings whenever the damages assessed are regarded as unreasonable, or the results are otherwise unfavorable, the plainest principles of right require that such expense should be paid. In case absolute power to discontinue is not given it is generally held that the court may, in its discretion, impose

the payment of the expenses incurred by the landowner as a condition upon which a discontinuance will be permitted. *In re Waverly Water Co.*, 85 N. Y. 481; *In re Water Comr's*, 31 N. J. L. 72.

The rule in the *Lackland* case has remained undisturbed for forty years. During that time numerous charters to railroad companies and municipal corporations, have been granted by the legislature, in which we must assume that the rule has been recognized as the law of the State, and that it applied to all charters granted. Had this not been recognized as the law the legislature might well have imposed such terms upon the right to discontinue proceedings.

The charter of the North Missouri Railroad Company construed in the *Lackland* case, authorized the company to dismiss any proceedings, at any time, before final judgment, and provided that in all cases of condemnation the court should adjudge the costs according to equity. Acts 1855, 232. The court says: "It is obvious that if the company is permitted to discontinue, all the costs of the landowner should be paid by the company. This will include all the costs of the case and counsel fees."

.The statute under which the proceedings here in question were prosecuted also authorized the discontinuance of the proceedings and abandonment of the land sought to be appropriated. R. S. 1889, sec. 2736. It provides that the company shall pay all costs up to and including the filing and copying the report of the commissioners, and that the court shall adjudge subsequent costs as, in its discretion, may be deemed just. R. S. 1889, sec. 2739. The difference in the statutory provisions do not appear sufficient to indicate an intention of the legislature to change the rule declared in that case.

In view of these considerations, we do not think the rule should be disturbed.

II. It is insisted in the next place that if the right of the landowner to recover for the expenses incurred in defending against the proceedings to condemn, is to be placed upon equitable grounds, independent of any express law, they should not include such as were incurred in unavailing contests over the right of defendant to exercise the power of eminent domain. It is argued that, for costs and expenses needlessly incurred, plaintiff is not, in equity, entitled to recover.

It may be conceded that every citizen holds his property subject to the paramount right of the State to appropriate it to public uses, when necessary thereto, yet the power, when conferred by the State upon a public corporation, is most extraordinary, and its exercise often operates oppressively as well as vexatiously to the citizen whose property is taken. Such high prerogative is only allowed "where the plain letter of the law permits it, and under a careful observance of the formalities prescribed for the owner's protection." Cooley, Const. Lim. 651.

The landowner has the right, in defending, to dispute the power, and to question the regularity of the proceedings, as well as to insist upon just compensation. If he fail to defeat the proceedings, and the land is in the end appropriated, he is not entitled to recover the expense incurred in making his defense. *St. Louis v. Meintz,* 107 Mo. 611.

But, after a long legal contest, defendant discontinued its proceedings altogether, thereby virtually admitting either that the acquisition of the right claimed was not a public necessity, or that it did not have the power to appropriate, or did not properly exercise the power if possessed.

Defendant is certainly not in a situation to claim

equitable treatment. Plaintiff had the right to make all the defenses the record shows it did make, and none of the expenses incurred therein can be said to have been needless.

III. It is said in the third place that the verdict is excessive. The evidence is abundantly sufficient to sustain the finding as to the value of the legal services rendered. The question was for the jury under the supervision of the circuit court.

The court approved the verdict, and this court should not interfere.

The judgment is affirmed. All the judges of this division concur.