STERRETT et al., Respondents, v. DELMAR AVENUE & CLAYTON RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

EMINENT DOMAIN: Condemnation by Railroad: Damages to Owner After Abandonment of Proceeding. Where a railroad company, before final judgment, abandons condemnation proceedings, it is liable to the owner of the property sought to be condemned, for the costs and expenses, including counsel fees, incurred in defending the proceeding.

Appeal from St. Louis City Circuit Court.—*Hon. James R. Kinealy*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Crawley & Jamison* for appellant.

(1) In the absence of a statute authorizing a recovery for expenses incurred in the employment of counsel to defend the abandoned condemnation proceedings, plaintiffs would be remediless. No costs are allowed at common law. They are creatures of the statute and must be paid in the amounts and in the manner specified in the statute. Steele v. Wear, 54 Mo. 531; St. Louis v. Meintz, 107 Mo. 611, 18 S. W. 30; Shed v. Railroad, 67 Mo. 687; State ex rel. v. Seibert, 130 Mo. 202, 32 S. W. 670. A statute in derogation of the common law rule as to costs must be strictly construed. Hill v. Sedalia, 64 Mo. App. 494. And this is as true in condemnation proceedings as in other actions. An officer or other person claiming costs is not entitled thereto unless he can point to a statute authorizing the taxation of the same. Ring v. Paint. & Glass Co., 46 Mo. App. 374. The rule is the same in England where costs can be recovered only when authorized by statute. All statutes relating to costs must be strictly construed. Ford v. Railroad, 29 Mo. App. 616; State ex rel. v. McCracken, 60 Mo. App. 650. (2) Under the code of civil procedure, there is no warrant for taxing counsel fees in a bill of costs. They may be taxed in partition cases only by virtue of the statute. Waters v. Waters, 49 Mo. 385. Fees paid by a receiver to his attorney for professional services and advice in regard to the management of property are part of the costs of administration, and are not taxable as costs in the litigation, as against the losing party.

*Rassieur, Schnurmacher & Rassieur* for respondents.

The question presented by this record is: Whether a railroad company, having voluntarily dismissed condemnation proceedings instituted by it, is answerable to the owners for the expense, including attorney's fees, incurred in the defense of the action. The distinction between the law applicable to condemnation suits by railroad companies and the law applicable to condemnation suits by municipal corporations is clearly shown in: St. Louis v. Meintz, 107 Mo. 611, 18 S. W. 30; Brewing Assn. v. St. Louis, 168 Mo. 37, 67 S. W. 563. The rule, as announced in the earlier cases, was also followed recently in Owen v. Springfield, 83 Mo. App. 557. In the following cases the owner was permitted to recover in a separate and direct suit, as in the case at bar. It was not deemed necessary that the expense should have been taxed as part of the taxable costs in the condemnation suit, in order to entitle the owner to recover.

REYBURN, J.—In May, 1899, appellant inaugurated in the circuit court of the county of St. Louis, condemnation proceedings against respondents for the appropriating for its right-of-way for operation of an electric railway, a strip thirty feet in width through property of respondents in St. Louis county. The routine statutory procedure was followed and the proceedings progressed to the stage of a report, filed May 28, 1901, by the board of commissioners nominated, awarding respondents $7,000 as their damages. Exceptions were filed thereto by appellant, and after sundry continuances without any hearing had on the exceptions, appellant elected to abandon the proceedings by their dismissal May 15, 1902. Respondents had employed attorneys who had appeared for and represented them in court, and before the commissioners, and this action was brought in the circuit court of the city of St. Louis to recover damages specified as $1,000, the expenses incurred in resisting such condemnation suit

by the employment of such attorneys, and for the loss of time of plaintiffs in preparation for and attending at the various steps of the proceedings. The defendant offered no testimony and, after hearing the proof, oral and documentary, introduced by plaintiffs, under the instruction of the court, a jury returned a verdict for $1,075. The errors assigned by appellant are that the circuit court of the city was devoid of jurisdiction over the subject-matter of the action and the verdict is excessive.

1. The existence and exercise of the right of eminent domain are inherent in the State and are essential for the administration and operation of government. But when this extraordinary and sovereign right is conferred upon an artificial person, clothed with a franchise of public utility, its employment should be vigilantly scrutinized by the courts and jealously maintained within legitimate bounds. In the illustration here presented, where the corporation determining the expediency or necessity of the property for the purposes of its railway and, by color of such right, instituted proceedings for its appropriation and acquisition against the will of the owner, withdraws and withholds the property described (and, in most instances, the remaining adjacent property of the same property-owner by such announcement of its requirement for public uses during the pendency of the proceedings) from any improvement, sale or advantageous enjoyment, until emancipated by abandonment by the corporation in its discretion of the proposed condemnation, it would appear but reasonable and just that the property-owner should be reimbursed for the proper expenses incurred in asserting and protecting his rights. While the section of the statute does not in express terms confer the right of recovery for such expenses, yet by a liberal and equitable interpretation now long endured and affirmed in a long line of decisions of the appellate courts of this

State, it has been firmly and conclusively established and the proposition, though repeatedly presented, challenged and reluctantly yielded to, has long since passed beyond the realm of fair dispute. Nearly a half century since, the eminent judge rendering the opinion of the Supreme Court in an analogous case declared that while a railroad corporation might· at any time, before final judgment in the condemnation proceeding, change the route of its railroad and dismiss such proceeding, as the price of being permitted to discontinue the action, it would obviously become liable to the property-owner for all costs and expenses, embracing counsel fees. Railroad v. Lackland, 25 Mo. 515. This decision, though persistently assailed and characterized as judicial legislation, has been approved in a lengthy series of cases involving the precise question by the Supreme Court, as well as this court. Leisse v. Railroad, 2 Mo. App. 105; s. c., 5 Mo. App. 585; Gibbons· v. Railroad, 40 Mo. App. 146; Owen v. Springfield, 83 Mo. App. 557; Leisse v. Railroad, 72 Mo. 561; Railroad v. Railroad, 138 Mo. 591, 39 S. W. 471; St. Louis Brewing Assn. v. St. Louis, 168 Mo. 37, 67 S. W. 563.

2. The opinion of several attorneys testifying was that the professional services described were reasonably worth from $750 to $1,000, but the services were detailed with particularity, and the attorney most actively engaged in the litigation appraised the work performed at $1,000. The jury were not concluded by the advisory testimony of the experts in determining the amount to be allowed (Gibbons v. Railroad, supra), but there was sufficient evidence to support a verdict for. the maximum amount. The verdict manifestly included an award to the plaintiffs for time devoted to preparation for and attendance at the numerous hearings in court and before the commissioners. The testimony of one coplaintiff demonstrated that while he was under salary during the period involved in the employ of the Louisiana ~Purchase Exposition Com-

pany, yet he was permitted to give attention to his private business as well, in which his services were worth from fifteen to twenty dollars per diem, and that fifteen full days time had been necessarily consumed in the condemnation suit. Under such state of facts, it cannot be confidently affirmed that the award of the jury was excessive.

Judgment affirmed. All concur.