KIRN, Respondent, v. CAPE GIRARDEAU & CHES-
TER RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 2, 1907.

1. DAMAGES: Eminent Domain: Dismissal of Proceeding to Con-
demn Right of Way. Where a railroad company, after begin-
ning and carrying forward a proceeding under sections 1265
and 1266, Revised Statutes 1899, to condemn a right of way,
and after commissioners regularly appointed had filed their re-
port, abandoned the proceeding without the payment of the
damages assessed, the owner of the land sought to be con-
demned could recover the expense incurred in defending the
proceeding although there was no trial of the issues before a
jury or other proceeding in open court.

2. ———: ———: ———: Attorney's Fees. In a suit for such
damages, the property owner could recover not only the attor-
ney's fees actually paid, but a reasonable sum for attorney's
fees which he became under obligation to pay in making his
defense.

Appeal from Perry Circuit Court.—*Hon. Chas. A. Kil-
lian,* Judge.

AFFIRMED.

*Giboney Houck, T. B. Whitledge* and *Sam Bond* for
appellant.

(1) The appellant in this case is aware that both
the highest courts of this State hold that attorneys' fees
may be recovered in certain instances. Sterrett v. Rail-

way, 108 Mo. App. 650. The other cases which have been decided in this State, holding that attorneys' fees may be recovered where railroad companies abandon condemnation proceedings, were all cases that had been tried in the circuit court, and in support of this your attention is called to the following: Railroad v. Lackland, 25 Mo. 515; Railroad v. Railroad, 138 Mo. 591. (2) Under the common law attorneys' fees could only be recovered where provided for by statute. Steel v. Wear, 54 Mo. 531; State ex rel. v. Seibert, 130 Mo. 202; Hill v. Sedalia, 64 Mo. App. 494.

*James T. Greenwell* and *John J. Seibel* for respondent.

(1) Appellee adopts the language of Judge REYBURN in the case of Sterrett v. Railway, 108 Mo. App. 654; Leisse v. Railroad, 2 Mo. App. 105, 5 Mo. App. 585; Gibbons v. Railroad, 40 Mo. App. 146; Owen v. Springfield, 83 Mo. App. 557; Leisse v. Railroad, 72 Mo. 561; Railroad v. Railroad, 138 Mo. 591, 39 S. W. 471; Brewing Assn. v. St. Louis, 168 Mo. 37, 67 S. W. 563. (2) Appellee has incurred the liability to pay the sum of eighty-five dollars for attorneys' fees in addition to the ten dollars already paid, and is entitled to recover for the full sum of ninety-five dollars under the allegations of the petition. Spengler v. Transit Co., 108 Mo. App. 329; Brown v. Transit Co., 108 Mo. App. 310; Gomer v. Taylor, 82 Mo. 341.

NORTONI, J.—The appeal is from a judgment of the circuit court overruling the defendant's demurrer to the plaintiff's petition. It is unnecessary to set out the petition in full and therefore, in the interest of brevity, we will recite the principal facts out of which the controversy arises and direct attention to the objection levelled against the case as stated by the plaintiff in his pleadings.

The defendant is a Missouri railroad corporation, and was engaged in acquiring a right of way for its proposed road. Desiring a portion of plaintiff's lands for such purpose and having failed to reach an agreement with him with respect to its purchase, it sought to exercise the right of eminent domain delegated to it by the State through the medium of the general statutes and to that end, instituted its condemnation proceeding against the plaintiff, seeking to acquire such rights in his certain lands, described in the petition. It filed its suit for the purpose in the office of the clerk of the circuit court of Perry county, in which county the proposed road was to be built and the lands were situate. Summons was duly issued thereon out of the office of the clerk of such court and personally served, as is provided in section 1265, Revised Statutes 1899, upon the plaintiff herein who was defendant in that proceeding. Said summons commanded the defendant therein to appear before the Hon. Robert A. Anthony, judge of the Twenty-seventh judicial circuit and ex-officio judge of the circuit court of Perry county, on the 8th day of September, 1904, in vacation of the Perry Circuit Court at chambers in the city of Farmington in St. Francois county and then and there, before said judge to answer the petition, etc. In pursuance of such summons, both plaintiff and defendant appeared before such judge on said day, the present plaintiff appearing both in person and by counsel, and the matter having been fully presented to the said judge and he, having ascertained that due notice had been given, etc., the said judge appointed three disinterested commissioners, freeholders, residents of Perry county, to assess the damages which would accrue, etc., in accord with section 1266, Revised Statutes 1899. The commissioners qualified according to law, viewed the lands, made the examination contemplated by the statute, etc., and forthwith returned their report

124 App—18

under oath, in writing, signed and verified by them, setting forth the amount of damages ascertained and assessed against the railroad company and in favor of this plaintiff. After the filing of this report, the proceeding was not further prosecuted by the railroad company, but on the contrary, within ten days after the filing of such report, the railroad company, for some reason not disclosed in the petition, availed itself of its privilege under section 1266, supra, and elected to abandon the same and to that end, filed its proper instrument of writing to that effect in the office of the clerk of the Perry Circuit Court and thereby abandoned and discontinued such condemnation proceeding. The petition very properly recites, in due form, the facts above stated, predicated thereon, and in substance, alleges that the defendant railroad, by commencing, prosecuting and abandoning such condemnation proceeding, damaged this plaintiff and subjected him to great expense necessarily incurred in the protection of his rights protecting his property, etc.; that by reason thereof he was compelled to and did employ counsel to represent him therein; that such counsel represented him therein; that he has paid his said counsel $10 cash and obligated himself in writing to pay his attorneys the further sum of $85 on account thereof for legal services and advice rendered and given in and about such proceeding; that such amount of $95 is a reasonable and proper charge, made necessary by the commencement and prosecution of such proceeding; and, second, that because of such proceeding, plaintiff was compelled to devote his time and attention to such suit for the space of five days which time he lost from his farm labors and which time is of the reasonable value of $10 and on account of these items and the premises stated, he prays judgment for $105.

The court overruled defendant's demurrer to the petition and the defendant appeals.

The first proposition relied upon for a reversal of

the judgment and the argument in support thereof is
to the effect that while it may be true, counsel fees paid
out by the landowner in such condemnation proceedings,
are properly recoverable when the proceeding has been
discontinued, in a suit by the landowner against the
plaintiff in the condemnation suit, as an element of
damage, that the principle of these cases does not pene-
trate to the extent sought to be invoked here, for the
reason there was no actual trial of the issues before a
jury, or other proceedings actually had in open court in
the case stated, as appears by plaintiff's petition, and it
is said that in all of the decided cases, it appears that
something was actually done in court in and about the
condemnation proceedings where the services of counsel
were required.  It is suggested that no such attorney's
fee was recoverable at common law and in the absence
of express statute authorizing it, the rule ought not to
be extended to the facts alleged.  It is very true that the
matter of costs is regulated by statute and it is like-
wise true that we have no express statutory provision
authorizing the taxing or recovery of counsel fees in
cases of this nature, and, as a general proposition, such
fees cannot be collected in the absence of an express
statute on the subject.  [Waters v. Waters, 49 Mo. 385;
St. Louis Brew. Assn. v. City of St. Louis, 168 Mo. 37-
46, 67 S. W. 563.]  Notwithstanding this, the rule of
law is well established in this State, however, with re-
spect to the matter here in judgment, insofar as private
or quasi-public corporations are concerned.  It has been
frequently determined by the courts of last resort that
when a corporation of this nature institutes its condem-
nation proceeding invoking the exercise of the extraor-
dinary power of eminent domain against a citizen and
his property, for the purpose of its own private gain and
profit, whereby the propertyowner is required to employ
counsel to represent his interests and protect his private
rights sought to be invaded and divested from him with-

out his consent, and such proceeding is, after such expenditure on his part, dismissed or discontinued, the propertyowner upon whom the expense has been thus entailed, is permitted to recover such counsel fees from the corporation so prosecuting and dismissing the cause. The doctrine with us found its origin in North Missouri Railroad Co. v. Lackland, 25 Mo. 515. In that case, the very learned Judge NAPTON predicated the proposition upon a provision in the railroad charter to the effect that the court should adjudge the costs "according to equity." [See Lackland case, supra, 534; Acts 1855, 232; St. L. Ry. Co. v. Southern Ry. Co., 138 Mo. 591-597, 39 S. W. 471; St. Louis Brew. Assn. v. City of St. Louis, 168 Mo. 37-45.] The cases generally, however, have sustained the doctrine upon the broad principle of the inherent equity in the proposition that when the corporation, clothed with and exercising such extraordinary powers delegated by the government, in which it properly resides, entails expense upon the proprietor in protecting his private property rights, and the proceeding is dismissed or abandoned, as a result of which he receives no compensation whatever, the corporation, on the plainest principles of justice, should reimburse him to the extent of such reasonable expenditure entailed by its voluntary act. Cases in point, other than those above cited, are Leisse v. St. L., I. M. & S. Ry. Co., 2 Mo. App. 105; s. c., 5 Mo. App. 585; Leisse v. St. L., I. M. & S. Ry. Co., 72 Mo. 561; Gibbons v. Mo. Pac. Ry. Co., 40 Mo. App. 146; Owen v. Springfield, 83 Mo. App. 557; Sterrett v. Delmar, etc., Ry. Co., 108 Mo. App. 650, 84 S. W. 150. The principle announced in those cases, arising as it does from the equities of the case, extends to and properly influences the facts alleged in plaintiff's petition. This conclusion is manifest when we consider the provisions of our statute (sec. 1266, supra), under which the proceeding is, in part, had. It is provided therein that upon the filing by the commissioners of their report with

the clerk of the circuit court, the clerk shall record the same in the order book and the railroad company may pay the amount assessed into court and hold the lands described therein and sought to be condemned, subject, however, to the right of either party to have the commissioner's assessment reviewed by filing exceptions thereto within ten days. So we see from these provisions that the right of actual entry and possession on the proprietor's lands is conferred upon the corporation as against the landowner's rights upon the report being filed and payment of the assessed damages into the hands of the clerk, and in this situation of affairs, it is quite as important that the landowners should have the aid and advice of counsel at this stage of the proceedings as at any other, to the end that he may know what his rights are in the premises and how he may proceed in order to protect them from undue invasion. He is not required to postpone employment of counsel until the corporation has actually obtained the right of entry and possession upon the lands, nor is his right to be compensated for his outlay in that behalf, deferred until there are proceedings actually had in open court. The petition is manifestly sufficient against this assignment.

It has been recently determined by this court that the necessary loss of time and earnings of the plaintiff in attending upon and looking after his interest in such proceeding is a valid element of his recovery as well. No point is made against this allegation of the petition, however, and it seems to be fully supported by the case of Sterrett v. Railway Company, 108 Mo. App. 650. It is certainly proximate and proper on the equitable principle above adverted to, on which the entire doctrine rests.

2. The second argument advanced is to the effect that the petition shows plaintiff had paid only $10 on his counsel fees and that his suit for $85 in addition thereto is premature. The allegation is that he has paid

$10 and obligated himself in writing to pay $85. Presumably his note is outstanding for this obligation of $85 balance of the fee owing to his counsel. The total item of $95 is alleged to be reasonable, etc. Now it has been pointedly determined that it is not incumbent upon the plaintiff in cases of this character to actually pay his counsel fees prior to his suit to recover the same. The doctrine is that he is entitled to be recompensed for that which he has become obligated to pay in that behalf, on account of the proceeding instituted against him and its discontinuance by the corporation. The following cases are in point and decisive. [Leisse v. Ry. Co., 2 Mo. App. 105; Leisse v. Ry. Co., 72 Mo. 561.]

The petition is sufficient as against the assignments made against it and the judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.