### CITY OF SHERMAN v. WILLIAMS et al. (No. 2833.)

Court of Civil Appeals of Texas. Amarillo.
May 18, 1927.

1. **Eminent domain ⟨⟩265(5)—Where city dismissed condemnation proceeding, judgment for landowner for attorney's fees held erroneous (Rev. St. 1925, art. 3265, subd. 1).**

Landowner *held* not entitled to judgment for attorney's fees on city's dismissal of condemnation proceedings, in view of Rev. St. 1925, art. 3265, subd. 1.

2. **Damages ⟨⟩71—Attorney's fees are not usually recoverable as element of damage.**

Attorney's fees are not recoverable as element of damage unless right of recovery is provided for by contract or by statute, except in cases seeking damages for malicious prosecution.

3. **Constitutional law ⟨⟩321—It is citizen's inalienable right to have day in court, and, if unsuccessful, he cannot be penalized except for payment of costs.**

It is inalienable right of every citizen to have his day in court, and, if he acts without malice, he is entitled to bring suit without being penalized in event he loses, except that adverse judgment carries with it costs incident to action.

Appeal from Grayson County Court; R. M. Carter, Judge.

Condemnation proceeding by the City of Sherman against L. E. Williams and others, in which the City filed a protest against the award of the commissioners as being excessive. Pending a trial in the County Court, the City moved to dismiss the proceeding, and Williams protested, claiming damages for attorney's fees. From judgment dismissing the proceeding but allowing attorney's fees to Williams, the City appeals. Reversed and rendered.

Hamp P. Abney and Head, Dillard, Smith, Maxey & Head, all of Sherman, for appellant.
B. F. Gafford, of Sherman, for appellees.

RANDOLPH, J. Condemnation proceedings were instituted by the city of Sherman to condemn land belonging to various parties, including land owned by appellees. The purpose was to condemn only a 10-foot strip off of Williams' land to provide a street 45 feet in width. Commissioners having been appointed, a hearing was had before them, and on that hearing the appellee Williams was awarded $700 compensation for the 10-foot strip of land, and the commissioners so reported to the county judge of Grayson county. In due season appellant filed its objection to and protest against such report, and award, on the ground that such award was excessive. Pending a trial in the county court, the appellant concluded to reduce the width of the street to 35 feet, settled with the owners of the other land, and came into court asking for a dismissal of the proceedings as to Williams on the ground that it had reduced the width of the street to 35 feet, and did not require the 10-foot strip belonging to appellee. Prior to the submission of the motion to dismiss the proceedings, appellee Williams filed in such cause his protest to the dismissal thereof and his claim for damages in the sum of $75 for attorney's fees, which he had been compelled to incur by reason of appellant having filed such condemnation proceedings. Appellee prayed that the cause be not dismissed, but that a hearing be had and his claim for damages be passed on and determined by the court. Upon hearing, the trial court rendered judg-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment for appellee for the sum of $75 and costs, and sustained appellant's motion to dismiss and abandon the proceedings so far as the matter pertaining to the condemnation and taking of appellees' land was involved, but without prejudice to the protest and claim for damages of the appellee Williams. The appellant excepted to the judgment and brings the case to this court for review.

[1, 2] The question presented is: The measure and elements of damages in condemnation proceedings are fixed by statute, which does not include attorney's fees, as actual damages, and the court erred in rendering judgment in favor of appellee Williams for such attorney's fees.

It may be true that the appellee incurred such expense in the necessary conduct of appellant's attempt to condemn his land for street purposes, but it may also have been true that the appellee claimed and recovered an excessive sum in such proceeding. The right or wrong of such claim to condemn on the part of appellant, and for damages on the part of appellee Williams, was the matter to be adjudicated. In every case, there is an apparent necessity for the party sued to employ an attorney to defend his rights, and except the right to recover attorney's fees is provided for by contract, or by statute, or in cases seeking damages for malicious prosecution, the necessary attorney's fee incurred in the prosecution or defense of such suit is not recoverable as an element of damage. The statute providing for condemnation of private property, for public use, fixing the damages which will be sustained by the owner, by reason of condemnation, is as follows:

"The commissioners shall hear evidence as to the value of the property sought to be condemned and as to the damages which will be sustained by the owner, if any, by reason of such condemnation and as to the benefits that will result to the remainder of such property belonging to such owner, if any, by reason of the condemnation of the property, and its employment for the purpose for which it is condemned, and according to this rule shall assess the actual damages that will accrue to the owner by such condemnation." Subdivision 1, art. 3265, Rev. Civ. St. 1925.

The charter of appellant introduced in evidence provides for the exercise of the right of eminent domain by appellant, when necessary, in order to open, change, alter, or widen any public street, but contains no provision giving the city the right to abandon any street, and provides no limitation upon the right to abandon any proceeding instituted by it for condemnation purposes.

We can see no reason why the rule as to recovery of attorney's fees in a condemnation proceeding should be on a different plane from such a recovery in any other character of suit, where such recovery is not based upon a contract, a statutory provision therefor, or when recovered as an element of damages

for malicious prosecution; neither can we see why a municipal corporation should not be held to the same rule of damages in the taking of private property for public use as in any other corporation, in taking such property for public use. The same article of the statute authorizes condemnation proceedings in the exercise of the right of eminent domain, names all parties entitled to do so, and municipal corporations are therein named with the others. In both cases, the right to condemn is based upon the necessity for the taking, because of its requirement for the use of the public or for the benefit of the public.

The question here for our decision has not been decided by any Texas court, so far as we have been able to discover by our investigation, and none have been cited us by the able counsel in this case. We mean that no "Gray Horse case" has been discovered in the Texas Reports and presented for our guidance.

The courts of Minnesota, Illinois, California, and other states have denied the defendant the right to recover attorney's fees paid out by him in the condemnation proceedings, where plaintiff abandoned its suit, pending trial. Solomon Bergman v. Ry., 21 Minn. 533; Winkelman v. City of Chicago, 213 Ill. 360, 72 N. E. 1066; Pacific Gas & Light Co. v. Chubb, 24 Cal. App. 265, 141 P. 36. The courts of Missouri have permitted such recovery in the face of a statutory provision, permitting the abandonment of a cause of action by the parties seeking condemnation, excluding municipal corporations from the rule. In the case of Kirn v. Cape Girardeau & C. R. Co., 124 Mo. App. 271, 101 S. W. 673, the St. Louis Court of Appeals affirms the judgment of the trial court, allowing a recovery of such fees, and says:

"It is suggested that no such attorney's fee was recoverable at common law, and, in the absence of express statute authorizing it, the rule ought not to be extended to the facts alleged. It is very true that the matter of costs is regulated by statute, and it is likewise true that we have no express statutory provision authorizing the taxing or recovery of counsel fees in cases of this nature, and, as a general proposition, such fees cannot be collected in the absence of an express statute on the subject. * * * Notwithstanding this the rule of law is well established in this state, however, with respect to the matter here in judgment, in so far as private or quasi public corporations are concerned. It has been frequently determined by the courts of last resort that when a corporation of this nature institutes its condemnation proceeding invoking the exercise of the extraordinary power of eminent domain against a citizen and his property, for the purpose of its own private gain and profit, whereby the property owner is required to employ counsel to represent his interests and protect his private rights sought to be invaded and divested from him without his consent, and such proceeding is, after such expenditure on his part, dismissed or discontinued, the property owner

upon whom the expense has been thus entailed is permitted to recover such counsel fees from the corporation so prosecuting and dismissing the cause."

[3] It is the inalienable right of every citizen to have his day in court. If he thinks he has been wronged, the courts of this state are open to him, so that he may seek redress, and if he is acting without malice, he is entitled to bring such suit without being penalized in the event he loses. It is true that an adverse judgment carries with it the costs incident to the action and these only he must pay, as the price of his failure to succeed in his litigation.

In the above-cited Missouri case, the court recognizes as a general rule that, in the absence of a statute, such fees are not collectible from the adverse party, but, as the corporation seeking condemnation had thereby forced the landowner to employ counsel to resist the invasion of his property rights, equity requires that he be thus compensated. Is it not true in every lawsuit that the party who contests it must employ counsel to protect his private rights?

It will be seen from the terms of the statute above quoted that no provision is made for the awarding of attorney's fees, as a part of the actual damages or compensation to the owner of the land. There being no term of any contract under which such compensation can be claimed, and no pleading charging malice in the institution of the proceeding, the rule to be applied here is the same as that applied where a plaintiff takes a nonsuit during the trial of a case. This is true, whatever reason impels the plaintiff to dismiss its proceeding—having the right to condemn, but concluding that the award made by the commissioners was excessive and too costly to the city, it had the right at that time to dismiss its proceeding without being penalized by the payment of the other party's attorney's fees.

The rule as laid down in 2 Lewis on Eminent Domain (3d Ed.) § 9, p. 155, extends to the judgment as a whole and is announced as follows: That the condemnation proceeding is instituted to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment, the purpose of taking the property may be abandoned, without any liability to pay the damages awarded. This being the rule, then certainly there could be no liability for attorney's fees; that attorney's fees in ordinary suits, in which no provision is made by statute, for the recovery of attorney's fees, or by contract providing for same, are not recoverable. See Wood Mowing & Reaping Machine Co. v. Hancock, 4 Tex. Civ. App. 302, 23 S. W. 384; Smith v. Smith (Tex. Civ. App.) 213 S. W. 273 (writ denied); McCord-

Collins Commerce Co. v. Levi, 21 Tex. Civ. App. 109, 50 S. W. 606.

Believing that the judgment rendered by the trial court is wholly erroneous, we here reverse same, and here and now render judgment that the appellees, Williams and wife, take nothing by reason of their claim for attorney's fees.