LAVINA L. NIFONG ET AL., APPELLANTS, v. TEXAS EMPIRE PIPE LINE CO., RESPONDENT.—40 S. W. (2d) 522.

Kansas City Court of Appeals. April 6, 1931.

*North T. Gentry* for appellant.

*Fry & Hollingsworth* and *Marion S. Francis* for respondent.

BLAND, J.—This is a suit to recover the sum of $1,000 for loss of time and expenses, including attorney's fees, in defending a condemnation suit instituted by this defendant against plaintiffs, landowners, and those interested in four other tracts of land, which proceeding was thereafter dismissed by defendant before the appointment of commissioners to assess damages. The court overruled plaintiffs' motion to strike out certain parts of defendant's answer and, plaintiff refusing to plead further, on motion of defendant, judgment was rendered in favor of it on the pleadings.

The pleadings disclosed that during the year of 1929 defendant herein, the Texas Empire Pipe Line Company (hereinafter called the Pipe Line Company) was engaged in constructing a pipe line from Oklahoma to Illinois through the State of Missouri, for the transportation of oil. In the construction of the pipe line it became necessary to cross several farms in Boone county, among them being the farm of plaintiffs herein. Being unable to agree with plaintiffs and certain other farm owners upon a price to be paid for a right-of-way across their respective farms, defendant, on the 19th day of February, 1929, filed, in the circuit court of Boone county, its petition for the purpose of condemning a right-of-way or easement over plaintiffs' farm and that of four others in said county. The judge fixed the 9th day of March, 1929, as the day on which application would be heard for the appointment of commissioners to assess the damages. After the filing of the suit defendants therein, who are the present plaintiffs, filed a motion to require the Pipe Line Company to make its petition more definite and certain so as to state the width of the strip of land it sought to condemn. On March 9, 1929, the court, prior to the appointment of the commissioners, sustained said motion. In the meantime the Pipe Line Company had reached agreements with the owners of two of the farms and the cause could not be proceeded further against those owners. This left three farms over which it was necessary to condemn a right-of-way or easement, including the farm of the present plaintiffs. On the 14th day of March, 1929, and prior to the appointment of commissioners, the Pipe Line Company dismissed its suit against the owners of all five of the farms and, on the next day, it filed, in the circuit court of Boone county, separate condemnation suits, each suit involving the owners of one of the farms who had not made settlement, among which were the present plaintiffs.

The part of the answer which plaintiffs sought to have stricken out reads as follows:

"And on the 15th day of March, 1929 (the Pipe Line Company), filed in the circuit court of Boone county, Missouri, a separate condemnation suit against these plaintiffs, setting forth in said petition the width of the strip of land over which said Pipe Line Company sought to condemn a right of way easement. That on the 29th day of March, 1929, commissioners were appointed in said suit against these plaintiffs, who promptly made their return awarding to these plaintiffs the sum of $1,000. That on the 6th day of April, 1929, this defendant paid the amount of said award into this court, and on the same day said award was drawn down by these plaintiffs, and this defendant in due time filed its exceptions to said award of the commissioners, a new hearing was granted before a jury, and said cause is now pending in the circuit court of Cooper county, Missouri, where it was taken on change of venue, and will there be prosecuted to a final determination. Wherefore, this defendant states that its condemnation proceeding against these plaintiffs has never been abandoned, but that it was prosecuted to a determination by commissioners and is now being prosecuted to a final determination before a jury and the courts of this State."

It is insisted that the court erred in overruling plaintiffs' motion to strike out for the reason that where a corporation of the character involved herein discontinues or dismisses a condemnation proceeding, it becomes liable for all expenses and costs, including attorneys' fees, suffered by the landowner, notwithstanding it may immediately refile a like proceeding.

Defendant contends that a condemnor who dismisses a condemnation proceeding is not liable for any costs except those general costs referred to in section 1254, Revised Statutes 1929; that only such costs as are provided by statute may be assessed and that attorneys' fees are not allowed as ordinary costs in the case. It would serve no useful purpose to go into an extended discussion of this contention of the defendant, for the reason that it has been established in this State, since the decision of the Supreme Court in the case of Railroad v. Lackland, 25 Mo. 215, that a private or *quasi*-public corporation is liable for costs and expenses suffered by the landowner in a condemnation suit that has been dismissed or discontinued. [Railroad v. Lackland, supra; Leisse v. Railroad, 2 Mo. App. 105; Leisse v. Railroad, 72 Mo. 561; City of St. Louis v. Meintz, 107 Mo. 611, 614; Loshe et al. v. Railroad, 44 Mo. App. 645; Owen v. Springfield, 83 Mo. App. 557; Sterrett v. Railroad, 108 Mo. App. 650; Kirn v. Railroad, 124 Mo. App. 271; Railroad v. Railroad, 126 Mo. App. 272.] The law is so well settled in reference to the matter that it is unnecessary to do more than cite the foregoing cases upon the proposition. There is a distinction between the rule applicable to private

or *quasi*-public and purely public corporations which we need not go into at this time. [See Ritchie v. State Board of Agriculture, 260 S. W. 488; Meadow Park Land Co. v. School District of Kansas City, 301 Mo. 688, 701; Nauman v. Drainage District, 113 Mo. App. 575.]

However, it is contended by the defendants that in the cases cited the proceedings were not dismissed until after the commissioners had made their award. For this reason defendant contends that they have no application here. In this connection defendant cites section 1342, Revised Statutes 1929, which provides that after the assessment of damages and the report by the commissioners, the clerk shall file the report and record the same and thereupon the company "shall pay to said clerk the amount thus assessed, for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid; and upon failure to pay the assessment aforesaid, the court, may upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution, unless the said company shall, within ten days from the return of such assessment, elect to abandon the proposed appropriation of any parcel of land, by an instrument in writing to that effect, to be filed with the clerk of said court, and entered on the minutes of the court, and as to so much as is thus abandoned the assessment of damages shall be void."

In this connection defendant contends: "A dismissal before the appointment of commissioners, and a refiling of the action and prosecution thereof to final judgment, does not constitute a discontinuance or abandonment." Defendant seeks to make a distinction between a dismissal of the suit after the report of the commissioners and before. No logical distinction of this kind can be made. The reasoning of the cases cited, supra, tends to show that there is no such distinction. In the case of Leisse v. Railroad, supra, l. c. 113, 114, the court said:

"We, therefore, think that the actual losses inflicted on the landowner, by the institution and maintenance of the proceedings to condemn his land, are recoverable when those proceedings are discontinued; and that in the estimate of these losses will be included any loss of rent occasioned by the pending of the proceedings, and the threat of subjecting the property to the use of the road. So long as this threat continues, it is an injury and hindrance to the owner. If the railroad company intends condemning the land at all, it should proceed without delay. If it has abandoned the design, it should say so in an unequivocal manner, and at once."

The court said in Kirn v. Railroad, supra, 275, 276, that where a condemnation proceeding is commenced and "the property owner is required to employ counsel to represent his interests and protect

his private rights sought to be invaded and divested from him without his consent, and such proceeding is, after such expenditure on his part, dismissed or discontinued, the property owner upon whom the expense has been thus entailed, is permitted to recover such counsel fees from the corporation so prosecuting and dismissing the cause. ·. . . The cases generally, however, have sustained the doctrine upon the broad principle of the inherent equity in the proposition that·when the corporation, clothed with and exercising such extraordinary powers delegated by the government, in which it properly resides, entails expense upon the proprietor in protecting his private property rights, and the proceeding is dismissed or abandoned, as a result of which he received no compensation whatever, the corporation on the plainest principles of justice, should reimburse him to the extent of such reasonable ·expenditure entailed by its voluntary act.''

So it seems that the reason why expenses and costs, including attorneys' fees, are recoverable in cases of this kind, is because the condemning party has of necessity put the property owner to expense by reason of having instituted the proceedings and then dismissing them for which expense the condemnor justly should recompense the landowner.· These expenses usually begin at once as ordinarily counsel· must be immediately employed. There would be neither rhyme nor reason in holding that no expenses .or costs can be recovered by a landowner if the proceedings are dismissed before the report of the commissioner but there may be such a recovery if the dismissal is after that time. ·

When·the condemnor pays the damages· assessed it becomes seized of the title to the land and thereafter cannot dismiss the cause. [In re K. & ·O. Ry. Co. v.·Senter, 83 Mo. 181, 184.] In the case of Railroad v. Railroad, supra, the court held that the company could dismiss before confirmation of. the commissioners'· report and not after. [See City of St. Louis v. Meintz, supra, l. c. 614.] Therefore, section 1352 was enacted in order to definitely fix the expiration of the time in which the condemnor can dismiss the proceedings and was not for the purpose, in whole or in part, of providing a right of compensation to the landowner for his outlay in the way of costs and expenses upon the dismissal of the suit as provided in the statute.

However, defendant insists that there was no abandonment of the condemnation proceedings as new proceedings were instituted immediately upon dismissal of the former suit and that none of the cases cited involve a situation of this kind. We need not go into the distinction, if there be one, between a dismissal and an abandonment of a condemnation proceeding, for if a landowner may recover costs and expenses where a ·case has been dismissed and not thereafter refiled· there is ·no sound reason why he may not have such a recovery where it has been ·dismissed and a new proceeding commenced and

he has not been recompensed. We think that this court. has substantially ruled against defendant's contention in the case of Gibbons v. Railroad, 40 Mo. App. 1, where the court said:

"It is further urged, since there was a second proceeding, begun even before the first was dismissed, that there was no abandonment, and that unless there is a final abandonment of the proceedings no damages as claimed here can follow. We do not think this position sound. Defendant was liable for damages arising by reason of the first proceedings and the prosecution of the second will not absolve it."

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.